FILED

2024 May-23 PM 02:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **RANDY GLENN GRAYSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| **vs.** | ) | |
| | ) | |
| **POLARIS INDUSTRIES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Polaris Industries Inc.[1] ("Defendant") hereby submits this Notice of Removal of this action from the Circuit Court of Madison County, Alabama, to the United States District Court for the Northern District of Alabama, Northeastern Division. As grounds for its removal, Defendant shows as follows:

## The Complaint

1.      Plaintiff Randy Glenn Grayson ("Plaintiff") filed this action against Defendant in the Circuit Court of Madison County on April 25, 2024. The Circuit Court designated the case as Civil Action No. 47-CV-2024-000059.00. Copies of all process and pleadings served upon Defendant in this action to date are attached as Exhibit A.

---

[1] Misidentified in the Complaint as Polaris Industries.

2.      Defendant was served with Plaintiff's Complaint on May 15, 2024. There have been no other proceedings in the Circuit Court. The removal of this action is compliant with the requirement of 28 U.S.C. § 1446(b) that a removing defendant should file its notice of removal within 30 days of service of the complaint on that defendant.

3.      Plaintiff's Complaint states he is suing Defendant "for Hostile Work Environment, Harassment, Discrimination, Reckless Endangerment, Unjust Firing, Loss of Wages, & Emotional Mental Anguish in the sum of 1.5 million dollars." [Compl. at p. 1]. Plaintiff did not include any documents evidencing any federal EEOC submissions.[2]

**Statutory Jurisdiction**

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441(a). This action is removable to this Court because it is a "civil action brought in a State court of which the district courts of the United States have original jurisdiction" and because this Court is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

---

[2] On April 25, 2024, the same day as Plaintiff filed this matter, he filed a *pro se* Complaint in the Northern District of Alabama styled *Grayson v. Polaris Industries,* Civil Action No. 5:24-cv-523-LCB also alleging "unjust" termination, hostile work environment, "safety placed in jeopardy" and discrimination.

2

**Federal Question**

5.      This action is removable pursuant to 28 U.S.C. § 1441(a) because this Court has original jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction exists when the well-pleaded complaint establishes either (1) that federal law creates the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Christianson v. Colt Operating Corp.*, 486 U.S. 800, 808–09 (1988). While Defendant in no way concedes Plaintiff's Complaint is well-pleaded, federal employment discrimination law provides the foundation for the claims listed in Plaintiff's Complaint.

6.      Plaintiff's Complaint specifically relies on and is based upon a federal statutory cause of action. Plaintiff lists "Hostile Work Environment, Harassment, Discrimination, . . . [and] Unjust Firing" among his grounds for suing Defendant, his former employer. [Compl. at p. 1]. Plaintiff does not allege any of these grounds for suing Defendant are premised upon Defendant allegedly taking any action based on any protected classification. However, Plaintiff necessarily alleges he is entitled to relief under a federal employment discrimination law, be it Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*; or another federal employment discrimination law.

7.      The primary test for determining whether a Complaint is based on a federal question so as to vest a federal district court with jurisdiction is the well-pleaded complaint rule. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

8.      While Defendant in no way concedes Plaintiff's Complaint is well pleaded, he brings this action against Defendant—his former employer—for "Hostile Work Environment, Harassment, Discrimination, . . . [and] Unjust Firing." [Compl. at p. 1]. In so doing, the Complaint alleges conduct that, if true, may give rise to liability under some federal employment discrimination law. There is no similar cause of action that could apply outside of federal law. There is thus a federal question on the face of the Complaint and the action is removable.

## Venue

9.      Venue for removal is proper in this district and division under 28 U.S.C. § 81(a)(3) because this district and division embrace the Circuit Court of Madison County, Alabama, the forum in which the removed action was pending.

**Procedure**

10.      Pursuant to 28 U.S.C. § 1446(d), Defendant will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Madison County, Alabama, and will also serve the same upon Plaintiff.

WHEREFORE, Defendant prays that this Court will take jurisdiction over this cause and will make all such other orders as may be necessary and appropriate to effect the preparation and filing in this Court of a true record of all proceedings that may have been had in the Circuit Court of Madison County, Alabama.

Respectfully submitted,

s/ Stacey T. Bradford
Stacey T. Bradford
Tucker D. Crain

Attorneys for Defendant
Polaris Industries Inc.

**OF COUNSEL:**
**LITTLER MENDELSON, P.C.**
420 20th Street North, Suite 2300
Birmingham, AL  35203
Telephone: 205.421.4700
sbradford@littler.com
tcrain@littler.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on this the 23rd day of May, 2024, by electronically filing the same with the CM/ECF system, and served on the following via U.S. Mail:

Randy Grayson
P.O. Box 329
Owens Cross Roads, AL 35713
(256) 640-2173

s/ Stacey T. Bradford
OF COUNSEL

4868-9221-7536.1 / 071656-1052

6